IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JIMMY SCOTT ELKINS,** ) | Civil Action No. 7:11-cv-00567 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **SOUTHWEST REGIONAL JAIL** ) | | |
| **AUTHORITY,** ) | By: Hon. Michael F. Urbanski | |
| Defendant. ) | United States District Judge | |

    Jimmy Scott Ekins, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the Southwest Regional Jail Authority as the sole defendant. Plaintiff complains about the conditions of his confinement. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

    When officials at the Southwest Regional Jail ("Jail") returned plaintiff's personal property, $662 and his Social Security and Medicare cards were missing. Plaintiff believes the envelope in which the items were contained was not properly sealed. Plaintiff placed a "rather large" commissary order but never received it. Jail officials assigned plaintiff to the same pod with sex offenders although plaintiff is not a sex offender, and plaintiff fears for his safety because other Jail inmates believe he is a sex offender. Jail officials also placed plaintiff in segregation for up to six weeks and released him from the cell for only 35 minutes per week. Plaintiff alleges he is not provided any physical recreation. Plaintiff requests unspecified monetary damages.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton,

775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff fails to name a "person" liable under § 1983 as a defendant. Furthermore, plaintiff fails to identify a policy, practice, or custom responsible for any alleged injury. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

Moreover, allegations that prison officials intentionally or negligently deprived an inmate of his property while acting outside the scope of official policy or custom do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Plaintiff possesses a post-deprivation remedy under Virginia law, the Virginia Tort Claims Act. See Va. Code § 8.01-195.3. "Section 1983 was intended to protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Therefore, plaintiff cannot prevail with a constitutional claim under § 1983 against officials based on the alleged property loss in this case. See Artis v. Mapp, No. 91-6016, 1991 U.S. App. LEXIS 7122, at *1 (4th Cir. Apr. 24, 1991) (per curiam) (affirming with the modification that an inmate's complaint about the state's deprivation of his property is frivolous because of availability of a post-deprivation remedy).

Plaintiff also fails to describe unconstitutional living conditions. He does not describe how he is prohibited from exercising in his cell, and his placement in segregation does not violate his

constitutional rights.  See Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship).  Furthermore, plaintiff has no constitutional right to choose his classification or housing options, regardless to whether correctional officials place him in a pod with sex offenders.  See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (stating that not every state action carrying adverse consequences for prison inmates automatically activates a due process right). Accordingly, plaintiff fails to state a claim upon which relief may be granted, and the court dismisses the complaint without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  December 19, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge